**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **VONNIE C. YAWN,** )<br><br>       **Plaintiff,** )<br><br>       **v.** )<br><br>**CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF SOCIAL<br>SECURITY,** )<br><br>       **Defendant.** ) | **CIVIL ACTION NO. 5:11-CV-490 (MTT)** |

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge Charles H. Weigle.  (Doc. 15).  The Magistrate Judge recommends affirming the decision of the Commissioner, because the Commissioner's decision that the Plaintiff is not disabled is supported by substantial evidence and is based on proper legal standards.  (Doc. 15 at 1).  The Plaintiff has objected to the Recommendation.  (Doc. 17).  The Government responded to the Plaintiff's objection and requested that the Court adopt the Magistrate Judge's Recommendation to affirm the Commissioner's decision.  (Doc. 18). The arguments raised in the Plaintiff's objection are substantively similar to those raised in her initial and reply briefs before the Magistrate Judge. Further, other than the specific objection regarding Dr. Justice's medical opinion, the Magistrate Judge specifically addresses, and rejects, the arguments raised by the Plaintiff in her objection.

The Court will, briefly, address the Plaintiff's objection with regard to Dr. Justice. The Plaintiff argues that the Report and Recommendation does not separately address the medical opinion of Dr. Justice—the Plaintiff's treating physician. (Doc. 15 at 1).  This is true, the Recommendation does not specifically address Dr. Justice's medical opinion and why the ALJ reasonably concluded it would receive little weight, perhaps, because this argument was not the focus of either Party's briefs before the Magistrate Judge.

The ALJ properly considered the medical opinion of the Plaintiff's treating physician, Dr. Justice.  (Doc. 11-2 at 20).  After describing Dr. Justice's medical opinion, the ALJ determined that Dr. Justice's medical opinion would receive little weight because his opinion was "not supported by the medical evidence or the claimant's own statements."  (Doc. 11-2 at 20).  The opinion of a treating physician generally, "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  "Good cause" exists to discount the medical opinion of a treating physician where "(1) the treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Phillips v. Barnhart*, 357 F.3d, 1232, 1241 (11th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c).

Here, the Court finds that the ALJ clearly articulated why "good cause" existed to discount Dr. Justice's medical opinion, namely because his opinion was not supported by the evidence.  (Doc 11-2 at 20).  Further, it also appears that Dr. Justice's medical opinion is conclusory, because Dr. Justice does not specifically explain how the Plaintiff's impairments would impact her ability to work.  Further, Dr. Justice did not

provide objective medical evidence to support his findings.  *See Lanier v. Commissioner of Social Security*, 252 Fed. App'x 311 (11th Cir. 2007) (stating that the opinion was conclusory where the doctor not only failed to specifically explain how impairments impacted the claimant's ability to work, but also failed to provide objective medical evidence to support the medical findings).[1]

The Court has thoroughly considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is adopted and made the order of this Court.  The decision of the Commissioner is **AFFIRMED**.

**SO ORDERED**, this 18th day of March, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2